Ms. Kaplan, when you ready? Yes, Your Honor. Good morning, and may it please the Court. I am Elaine Kaplan. I'm representing the petitioner in this case, Robert Rhodes. Section 7121E1 of Title V provides that an employee must elect whether to file an MSPB appeal or a grievance to challenge a matter that is covered by Chapter 75 of the Civil Service Reform Act. The issue in this case is whether the Board committed an error when it held that an appeal of an agency's failure to timely end an indefinite suspension involves the same matter as a grievance challenging the initial imposition of the suspension. The resolution of this issue depends upon what meaning you ascribe to the statutory term matter. A number of courts have considered the statutory term matter in the context of election of remedies cases under a similar provision of the Statute 7121D, and those whether the two, a practical test in determining what the matter is, and what they do is they look at whether the two forums at issue would have to consider the same set of operative facts in order to resolve the matter before them. If so, then the matters are considered to be the same. If, on the other hand, the subsequent proceeding involves different operative facts, as in this case, that occurred as here after the initial grievance was filed, the proceedings do not involve the same matter. And it is not disputed here, I think, that the grievance and the MSPB appeal did not involve the same set of operative facts. The claim in the grievance involves events that occurred before the grievance was filed, and that is the fact surrounding the initial decision to impose an indefinite suspension on Mr. Rhodes. The grievance, just as a practical matter in common sense, could not have involved subsequent events that occurred after Mr. Rhodes was acquitted, and the Union did not intend that it should. Let me ask you a question, and I think this is spelled out to some extent in the various board decisions that have addressed these so-called indefinite suspensions. Typically, I guess, although they're called indefinite, they really are, they have a term for their termination. There is an indefinite, as in we will put you back if and when the spirit moves us, is not an indefinite suspension, it's a removal, right? With a potential rehire. So something like this was pending further investigation and or resolution of the criminal charges against him. Now, we know that in the conventional sense of the word, the latter occurred, and at that point, if I understand your position, is at that point there's an important change in the nature of the matter, that at this point it becomes, in effect, either a different suspension or a removal, but in any event, whatever the original indefinite suspension was has come to an end. That's basically the way you're viewing it, correct? Or is that not quite right? Well, not quite. Good, well that was what I was going to ask, so go ahead. Yeah, no, there's a very complicated abstract construct that the board has adopted in these indefinite suspension cases, and what the board says, and it's kind of consistent with what you were just discussing, the first case was this Martin, I think, versus the Department of Treasury case, where the board said that when you impose an indefinite suspension, the reason the board has jurisdiction over it is because, just as you pointed out, it really is a suspension, it's going to end at a certain point, and what the board said was there's a condition subsequent that must occur to end the suspension, and the condition subsequent, for example, in our case, is not merely the acquittal of Mr. Rhodes, but also the agency's having a fair amount, a reasonable amount of time to conduct an investigation to see if it wants to take administrative action against Mr. Rhodes. So the way I like to look at this is that you've got kind of a single personnel action, the indefinite suspension, but that consists of more than one matter, because indefinite suspension is different than most personnel actions in that it takes place over a period of time. Okay, that's exactly what I, actually you've hit exactly the question that I had. So your view of this is that even after the acquittal, and even after the occurrence, and let's assume, let's leave out for the moment the further investigation part of the condition subsequent, just say resolution of the criminal charges, and let's assume further that that means either acquittal or conviction, period, or, well, yes, either acquittal or conviction, that your view is that that, when the acquittal occurs, that does not constitute the end, as a matter of law, of the indefinite suspension, after which there is a new suspension or removal, but rather that there's a new matter within the scope of the indefinite suspension. Well, you know, to tell you the truth, I think you could look at it either way. If you looked at it as a new suspension, then we would have no problem in this case whatsoever, because you could reconcile our positions because we would have two personnel actions in effect. But that's not really the way the Board has looked at it, and I don't, in any of its case law. So I think that what we're stuck with is the idea, and I'm stuck with it, and I think it's fine, the idea that there are two matters within the same personnel position. And so that's kind of the basis of our argument, and then we look to see what the courts, how the courts have applied the statutory term matter, and it's a very practical test. You look at what was raised in the initial proceeding, what the facts were surrounding the initial proceeding, then you look at the facts that would be identified in the subsequent proceeding, and if they're different, then you have different matters. Let me ask just a factual question. Does the record reflect what Mr. Rhodes' current status is? Is he still on suspension? Has there been further action, removal or reinstatement, or do we not know for purposes of the record? Well, I know that the record doesn't reflect it. I mean, I don't think I'd be glad to tell you. I don't know if it's undisputed. Removal was proposed, I believe, in the following February 2006, and then it was finalized in April 2006. He now has a separate arbitration dealing with the removal case. But in any event, if you prevail here, then he would be entitled to back pay, I take it, back to the date of the – well, maybe he'd be entitled to back pay for the removal as well, wouldn't he? Back to the date of the acquittal. I'm not sure yet. You might have to cross the removal question when we come to it. Leaving aside the removal, I think we would be entitled to back pay between the acquittal and the time that the agency actually removed him. Because the condition subsequent was the agency having the opportunity to conduct an investigation and then to do something. So that the indefinite suspension is now over. You're now removed. Okay, now one more question and then I'll let you make your argument. Just a factual question. The portion that we set aside of the condition subsequent a moment ago, pending further investigation, I think you may have alluded to your interpretation of that earlier, but I just wanted to make sure I understand it. Is it your view that that is an investigation which is part of the criminal process or an investigation separate from the criminal process which could continue even after resolution of criminal charges? Well, in fact, it is an investigation that really begins after the resolution of the criminal charges, where agencies will then decide, well, even though someone was acquitted of the crime, there still may be justification for taking an administrative action against them. There's two different standards, so forth and so on. And what the court, I think the Federal Circuit as well, has held is, well, an agency is entitled to that time. So the suspension itself is not illegal until that reasonable period of time had passed. And it kind of is going to depend on the circumstances of the case. I think there have been cases where the board or the court has found a month or I think there may even be one two-week case. I'm not sure. So that's kind of the way it works. But in your view, at least in part, correct me if I'm wrong, the fact of the acquittal is such an important ingredient in the set of facts associated with the continued viability of the suspension that it turns the original suspension becomes almost irrelevant to the validity of the continuing suspension. That is to say, no matter how justified it may have been to suspend somebody who has been charged by grand jury with a criminal felony, the mix changes entirely at the point at which the only justification for continuing to suspend is the need to finish up with this investigation. Yes, I think that would be our... That's why it's a new matter, effectively. Well, that's why, yes, that's why it's a new matter because now you're going to have to look at a whole different set of facts. It's not about did the agency have a legitimate basis for suspending him initially. Usually it's not a high burden for an agency to meet in order to suspend someone indefinitely if they've been charged with a serious crime. As a general matter, the employee is not going to win those kinds of challenges. Which may be why you withdrew the grievance. Which is exactly why we withdrew it. We came to the conclusion that we could not prevail. You file these grievances about the imposition of the indefinite suspension because you don't know what's going to develop during the criminal proceeding. Now, conceivably there's some slim chance that something might come up in the criminal proceeding that suggests that they never should have imposed the suspension to begin with. Now, where we found ourselves was, okay, it's the end of the criminal proceeding, nothing, we see no reason, we see no basis for continuing to challenge the imposition of the suspension. Why would we continue with that grievance? The only issue there is the imposition of the suspension. Can I ask you a question just to clarify something in my mind? It was a little unclear to me from the papers. You're not saying, are you, that the arbitrator, if you had not withdrawn the grievance, would the arbitrator have had the jurisdiction to review the termination of this sentence? In other words, I just want to make sure this isn't a question of jurisdiction. This is simply a matter, a question of you're saying this is a separate matter, therefore you had the option to go to the board and not continue with the arbitrator. Well, our position has always been, and by the way, that customs is not before the court, but during the earlier proceedings, customs did not deny that the arbitrator would not have had jurisdiction to consider the subsequent event, let's say it had remained open, the grievance had remained open. He would not have had jurisdiction over the legitimacy of the failure to reinstate Mr. Rhodes' disposition because as a function of kind of the way arbitration works, the parties agree to submit an issue to an arbitrator, and that's the only issue he considers. Also, you cannot file a grievance over something that has not happened yet, and that is also crucial. So our position has always been that we could not have raised this issue in the context of the pending grievance. Now, on the other hand, I guess what we could have done was file a new grievance. Certainly we might have been able to file a new grievance, get a different arbitrator, but if anything, that shows that we're talking about two different matters here. So our position is there were two different matters at stake, and at the point at which we withdrew the first grievance, we had now the ability to elect either to go to the MSPB or to file a new grievance. We decided to go to the MSPB. Understanding and following up on Judge Robinson's question, would the same thing have applied had you gone first to the MSPB? And by that I mean suppose you had gone to the MSPB with an appeal in response to the original indefinite suspension, and then while that was pending before the administrative judge, the acquittal occurred. Could the administrative judge say in the context of that original appeal, without the filing of any new appeal, as a matter of board law, could the administrative judge have said, now that things have changed, I look at this through a very different filter in light of subsequent events? So you're positing maybe it was exactly parallel to what happened here? Yes, except that instead of withdrawing the appeal, you had maintained the appeal, and the administrative judge had not resolved the case until the acquittal, and then you came in before the administrative judge and said, guess what? Last Friday there was an acquittal in this case. The entire set of legal arguments that we've been making are changed, and our position is much stronger now, and please now resolve this case on the basis of this new information. Well, it wouldn't be as though our position were any stronger. If he was acquitted, the position wouldn't have changed. No, your position would be stronger than it was the day before the acquittal, because the day before the acquittal you had an indefinite suspension which was based on a charge that hadn't been resolved. Right, well, that's true. I think our position would be stronger on the first issue, which was whether the suspension was legitimately imposed, although only marginally stronger because, in fact, the board has held and the court has held that the fact that someone is acquitted really doesn't speak to the legitimacy of the original imposition of the suspension, because to decide whether the original suspension is legitimate, you have to look at whether the agency had reasonable grounds to believe that a crime was committed. If somebody is arrested and charged, that's pretty much reasonable grounds. Per se, pretty much. So you're never going to win those cases, or almost never. I'm just looking for a single one. Okay, but you've got a good chance of winning once that presumptive reasonableness factor is taken away, or at least you're in the ballpark, right? Well, you mean on the initial imposition of the suspension? No, after the acquittal. After the acquittal. In my hypothetical, what you've got is you're before the A.J. and you come in and you say, okay, we had a tough road to hoe when all that was there was this grand jury indictment, but that's gone now. And now the only basis on which you can suspend this person is on the basis that there actually is a good, strong case for improper conduct, and we can show that there's not. Well, I think they're treated as two entirely separate things. So you would have to file a new action in the board on that? Well, I'm not so sure about that, because the board may treat it a little bit differently. I'll tell you the context in which it has arisen. First, there was a case a while back called Morton. I think this is the first one of these cases. And in that case, the employees had challenged the imposition of the suspension, and they lost. Right. And the question was, well, if the agency doesn't put them back to work upon the satisfaction of the condition, subsequent, how can the employees, now that they've lost this first part, get review of that? And the board said, oh, well, you can get review in the context of an enforcement, petition for enforcement. Even though the employee lost the first case, because implicit in the legitimacy of the suspension was that once the condition subsequent occurred, that the suspension would lift, that you could raise the issue in the context of enforcement proceedings. It was kind of a weird way, I think, to handle it. And to tell you the truth, as I'm remembering it now, that was a case where there hadn't really been even a decision on whether the imposition of the suspension was a legitimate one, was legitimate. And the board, you could call it dict, although it's since applied, it said, well, we're going to adopt a suggestion by the Office of Personnel Management, which I guess got into the case, because this was early on in the civil service format. And the Office of Personnel Management said, you can review the second part through a petition for enforcement. And the board said, okay. So that's one context. Then another context is where an employee never files any challenge to the imposition of the suspension, and then is acquitted, and then feels like he should be reinstated. Then they file an appeal at that point. Now, what the board does with that is they treat it as though it is a late filing of a challenge to the indefinite suspension. Then there's a third category. But they find good cause, I guess. Yes, if they find good cause. Invariably find good cause in that setting, I would suppose, because, darn. Yeah, although they might not find good cause if you wait too long after the acquittal. No, but if you come in the day after the acquittal, even though it's more than 30 days after the original suspension, presumably they're going to find good cause on the basis that the situation has changed dramatically. Right. And then the last category, which I think is actually the closest one to what we've got here, is this Hoffman case, which we've cited, where an individual filed a challenge in front of the board to the imposition of a suspension, withdrew it, realizing, I suppose, that it wasn't worth the time and effort. The administrative judge then dismissed that challenge with prejudice. And the question, and then the employee came back after he was acquitted and said, you should be reinstating me. And the board said, hmm, how are we going to handle this? There's nothing to enforce. It's a little bit different than the Martin case. OK, you can file a new appeal. So, in other words, in that case, where necessary, the board recognized that this was a second independent appeal that could be filed concerning the failure to terminate the suspension. And if you wanted to treat Mr. Rhodes in a consistent way with the way the board dealt with the employee at Hoffman, you would recognize that now Mr. Rhodes has a new opportunity to elect. He can elect a new appeal in front of the board or a new grievance. And I'm going to sit down because I think my time is up. That's fine, but we'll reserve your three minutes of rebuttal. OK, thank you. Thank you. Mr. Angel. Good morning. May it please the court. The petitioner is attempting to analogize this case to the board's decision in Hoffman. But that case did not involve an election of remedies, as in this case at Barr does. Here, the petitioner elected to use the grievance arbitration system to challenge his indefinite suspension. That indefinite suspension continued after his acquittal, but it was the same indefinite suspension the agency had placed him on. There was simply one personnel action, one indefinite suspension. As she was indicating, in the Hoffman case, the board did not consider that as an addendum proceeding as a petition for enforcement, but rather went back and considered it to be essentially an appeal of the indefinite suspension. Again, treating it as one matter, treating it as an appeal of the placement in the indefinite suspension status, and not somehow creating two separate matters out of one. As I understand Ms. Kaplan's argument, though, she's not saying there's necessarily more than one action, but that regardless of whether this is considered one action or not, there are two separate matters involving two separate sets of facts and two separate sets of elements that need to be established. Why shouldn't that be treated, consistent with Hoffman, as a separate matter for purposes of availing Mr. Rhodes a separate opportunity to elect? Well, I respectfully suggest that there is, in fact, is only one matter, the placement on the indefinite suspension, and this effort to somehow say that a second matter is created on the date of the acquittal. These two questions do relate to different elements and different facts, do they not? Well, they both involve the legitimacy of the indefinite suspension. She has different contentions that there was the acquittal and then the ongoing agency investigation, but it is all, in the end, the question of the legitimacy of the agency action indefinitely suspending Mr. Rhodes. But even if Mr. Rhodes concedes that the indefinite suspension was appropriate, still there are separate considerations as to the determination, the triggering of the conditions. Right, but when he filed his grievance, he grieved the indefinite suspension. He didn't choose to file a grievance saying I'm grieving just part of this. He grieved the indefinite suspension in its totality. But he couldn't at that point grieve the termination issues because the termination hadn't yet transpired. The events that would trigger the termination hadn't yet transpired. That's correct, and that's why the union chose to request the arbitrator to hold the arbitration in advance, pending the outcome of the criminal charges, but they obviously intended that there was something left in that arbitration that would happen after the criminal charges were resolved. Otherwise, it would not have been held in abeyance. You don't hold something in abeyance if you don't expect there to be anything left after the events subsequent. Okay, thank you. But they did that. They held it in abeyance in this case. Well, and my question to you is to have you address counsel's assertion that the arbitrator would not have had jurisdiction to consider the termination of the indefinite suspension. Right. Again, if you look at what was the matter elected to the arbitrator was the indefinite suspension without pay of Inspector Robert Rhodes. It's very broad. It's the entire indefinite suspension. It's not the indefinite suspension of Robert Rhodes pending the outcome of his criminal charges. So you say that the arbitrator could have taken, had jurisdiction to resolve the ultimate matter in this case. The language, if we accept that the arbitrator can only hear what is the exact language of the grievance, if we accept that as true, even under those facts, the matter that was submitted for arbitration here was his indefinite suspension, not simply a portion of that indefinite suspension. But the question really is, isn't it, that the extent to which the arbitrator can take into account dramatic changes in the underlying circumstances. In other words, if I file my grievance and the grievance is you improperly suspended me pending resolution of the criminal charges against me, which are now pending in the form of grand jury indictment. And then later the indictment is, let's say, dismissed or an acquittal that follows. Then it seems to me the question that was presented to the arbitrator is very different from the question that is now the question to be determined, which is can you continue to suspend me or remove me or otherwise not reinstate me even after the criminal charges have been resolved favorably to me. Now, it doesn't seem to me it's a sufficient answer to judge Robinson's question to say, well, it's all one suspension. And therefore, when you bring this before the arbitrator, the arbitrator can decide whatever is within the scope of deciding whether the suspension is lawful. I mean, Ms. Kaplan says the arbitrator could not address anything more than the initial legitimacy of the suspension, which presumably would have been a pretty short proceeding in which the arbitrator would have said you lose because they have a criminal charge against you in arbitration. But it seems to me at least plausible to say that it's a very different question as to whether later on when there is an acquittal, the agency can still suspend indefinitely or ultimately remove somebody or simply continue the suspension forever based on conduct which resulted in an acquittal. I mean, they may be able to, but it's a much harder argument for the agency to make, don't you think? It may be a harder argument. Now, given that the setting is different, what gives you complete confidence that the arbitrator could simply say, well, OK, this situation is now different. Now I'll tell you what the answer to this question, which is a different question from the one you originally put to us. Right. Well, again, I submit they are, in fact, the same question, the legitimacy of the indefinite suspension. Now, admittedly, I can't tell you. Well, it may be the same question, but two very different answers. They are two different answers, perhaps. So the question is, can the arbitrator give an answer to the second question? Or can the arbitrator give an answer to Part B of the first question? Right. Again, he deals with the question beforehand, the indefinite suspension of Mr. Rhodes. Now, admittedly, I don't know what any one particular arbitrator is going to do in any one particular case. I wish I did know that. So we can't say for sure because the arbitration request here was, in fact, withdrawn. So I will concede that we can't tell what any one arbitrator will do in any one case. But I submit that the arbitrator had before him the broad question of the indefinite suspension of Mr. Rhodes and could have, in fact, resolved that. And again, as I said to Judge Lynn, if the unit did not anticipate that there was something left for the arbitrator to hear after the resolution of the criminal charges, then it was very strange to request that the arbitration be held in abeyance pending the outcome of those criminal charges. Again, that anticipates that there was something to follow after the indictment. Now, even if it's true that the arbitrator's powers are somehow limited, something I do not concede, in some ways that's a restriction or a limitation on the forum elected by the petitioner. If you choose to use a grievance arbitration system, there are certain pros and cons that come with that system. If you choose to come before the MSPB, there are certain pros and cons that come with that system. But you're bound by that election that you've made, and you have to accept the restrictions and the benefits of a particular fact finder. Let me ask you the same question I asked Ms. Kaplan. If you had a pending challenge to an indefinite suspension of this sort before an AJ, and before the AJ had decided the question of the legitimacy of the initial suspension, the acquittal came in, could the AJ consider the fact of the acquittal in assessing the validity of the suspension? Or would the AJ just be limited to the validity of the original suspension, which was the subject of the appeal? Well, if the appellant in that case said, I have been acquitted, and they haven't put me back to work, the administrative judge would have before him both the indefinite suspension, which I guess he could quickly pass upon, and then he would essentially have a petition for enforcement saying, hey, the agency has not complied with the conditions subsequent of the indefinite suspension, and returned the appellant to his duty station. If you come before the MSPB, and you have the right to file a petition for enforcement, that is one of the benefits of bringing one of these actions before the Merit Systems Protection Board. It seems kind of peculiar to call it enforcement, because you're not enforcing anything. You haven't even got an original order. The only thing you've got is you've filed an appeal. The administrative judge has not acted. Suppose the administrative judge hadn't done anything on the case, and it sits there for a month, and an extremely quick disposition of a criminal case results in an acquittal, and in comes the petitioner or the appellant and says, look, I've just been acquitted. You may call it an enforcement action. You could call it an elephant, but it really isn't enforcing anything. It's just another aspect of the original appeal. But I take it that what you're saying is whatever you call it, the administrative judge could and indeed would have an obligation to entertain that portion of the claim. Your Honor is quite correct. It is a little odd to call these petitions for enforcement, but you're absolutely right that the judge would be able to entertain that claim, and no matter what he or she called it, would be able to say that, hey, agency, you need to put him back to work or take some other action. You can propose his removal if you're troubled at an administrative level for what he's been criminally acquitted of or the charges have been dismissed. And if the administrative judge had not only gotten the first appeal but dismissed it on the ground that – disposed of it, simply granted judgment for the agency quickly, and then the acquittal came in, then the employee could come back to the board and say, now the indefinite suspension is unlawful. Right? Right. If you get a decision from the administrative judge on the indefinite suspension and then you are not properly restored, if you will, then you may file a petition for enforcement before the MSPB. And there would be no res judicata effect of the original decision, and that would be because this would be a new matter, correct? It would be an addendum proceeding, and the board would consider it as a petition for enforcement of the original order. Of the order upholding your suspension. Right. In essence, what the board is saying when it upholds an indefinite suspension is that there is a condition subsequent and that upon meeting the condition subsequent, the agency is obligated to return the employee to their duty station. And even if the individual came in, the employee comes in, files the original challenge to the suspension, and then dismisses it two days later, and then there's an acquittal, the employee can come back with a new appeal, correct? Well, that's what the board does there. It considers it essentially an appeal of the indefinite suspension. But it wouldn't be barred by the failure to pursue the first appeal. That's correct. Because it's a new matter, right? Well, the board is saying it's an appeal of the original placement on an indefinite suspension. That's essentially what the facts were in Hoffman, and the board's language in Hoffman is... But if it's an appeal of the original suspension, it would be a repetitive appeal, which you would normally think would be subject to res judicata objections, but the board doesn't treat it that way, I take it. Right. It would be a repetitive appeal. It may have been better, for example, in Hoffman if the board had used the word reopen. Because essentially that's what the board is doing. It's saying, we're going to give you an initial appeal of your placement in an indefinite suspension, and part of that appeal is you're challenging that they did not properly restore you. But read very carefully, Hoffman is saying that you shouldn't be foreclosed from challenging the continuing nature of the suspension. The petition for enforcement should be interpreted as a petition for appeal of his allegedly improper suspension. So if you have a situation where the agency seeking to avoid... Let's assume that the agency is acting in bad faith. And not your agency, the employing agency. An agency would never do that. I understand. But the employing agency... We'll make an assumption that the employing agency is capable of bad faith. So the employing agency decides, we really don't want to have... before the MSPB or an arbitrator or anything. So on the facts of this case, what they do is they say, okay, there was a withdrawal, there was an election of arbitration, and then a withdrawal of the arbitration with respect to the initial suspension. We'll just keep him on suspension for the rest of time, and our explanation will be that we're still engaged in this investigation. Could he never go back to the board and say, this is no longer a valid suspension? Under the facts you're repositing, an employee covered by a cut of bargaining agreement who goes to an arbitrator and then withdraws it, he has made an election to use the grievance arbitration system to challenge his indefinite suspension. Now he can seek to have the fact that he has not been properly restored considered as part of the arbitration. Right, but assume that Ms. Kaplan is correct, that the arbitrator, whether by contract or by arbitral practice, will not consider subsequent facts subsequent to the facts available at the time of the grievance. And therefore, he could not have his acquittal be considered. He could not have the continued non-return to employment considered. He would have no access under those circumstances to the board? His revenue in that case would be to file a grievance, if, as you say, he can't attach it to his first grievance, to file a grievance of the fact that he has not been properly restored. He has made an election of his remedies, and there may be restrictions or limitations on that, but that is the choice he makes. Well, in sum, Your Honors, I believe the decision of the Merit Systems Protection Board dismissing this case for lack of jurisdiction should be affirmed. Thank you. Thank you, Mr. Anton. Ms. Kaplan, you have three minutes. Yeah, three minutes. All right. I just wanted to address a few points that were just made, and I think what counsel just acknowledged is that the arbitrator, in this case, could only consider what was put before him. I think he's acknowledged that. But what he says is that what was put before the arbitrator was the entire suspension, by which I think he means even things that hadn't happened yet, even the failure to reinstate him after he's been acquitted. I think that if that is really the test of whether the arbitrator could have considered or had the authority, as the question that you were asking, had the authority to consider the failure to reinstate, then I think you have to look at what the intent of the parties was in submitting the case to arbitration. Did Mr. Rhodes, did the union intend to submit to arbitration things that had not even yet occurred? And I would submit to you that that is completely implausible. And also, I think the only basis for that that I've heard refers to what we said when we invoked arbitration, and that's at Joint Appendix 26. It's very, very short. All it says is, September 1, 2004, it says the National Treasury Employees Union invokes arbitration in this matter, and it says this matter pursuant to blah, blah, blah. And I guess it refers to what's in the re-line. And the re-line is indefinite suspension without pay of Inspector Robert Rhodes. Just as easy to read that as meaning the imposition of the suspension. In fact, that's, again, the only logical thing that you can read it as because nothing else had happened yet. But isn't the goal the same? Your goal was to reinstate and to terminate the suspension. That's why you grieved the suspension. I guess I'm trying to figure out why that doesn't cover the same matter. It is the same matter, the imposition and the termination. Well, no, I don't think it's the same matter because I don't think that we received from the board a definition of what the matter is. I hate to say it like that. It sounds funny. But I think there's many cases that deal with this, and the way that the courts treat this is when we decide what the matter is, we're looking at what the set of operative facts are. And so I think if you apply that here, the question is what were the set of operative facts that the arbitrator was considering. I think Mr. Angelo was saying that it covers anything that could have happened even after the grievance was filed. It's not plausible, and if it depends upon our intent, there's no evidence of such intent here. There was a question raised about, and by the way, if you have a question about the intent, I suppose you could remand it to find out what was in charge of the arbitrator. Although I'm hoping that you don't do that because I think it's very clear what was in front of the arbitrator. A question was raised about why, if all we intended to grieve was the imposition of the suspension, why did we hold it in abeyance until the acquittal? There are several reasons to do that. One, if you have an ongoing criminal proceeding, you don't want to have a parallel administrative proceeding going on. It would be very prejudicial to Mr. Rose to be testifying in the administrative proceeding while he has a criminal case in court, and that's the standard operating procedure in these cases, is to hold them in abeyance pending the end of the criminal proceedings. And also, if you'll notice, we hold them in abeyance only until the acquittal took place. We didn't hold the arbitration in abeyance only until the acquittal plus whatever investigation needed to occur took place. So that shows you that what we were looking at was just the imposition of the suspension. That was the matter in front of the arbitrator, and under the statute we're entitled, therefore, to elect, to go to the board for the entirely separate matter of what happened after he was acquitted and the agency's justifications for not reinstating him in a timely fashion. May I ask one further question? Of course. So as I understand it, as a matter of course, the union will grieve the initial imposition, even though I think it has been said here that that's a loser because when you're indicted that's probably grounds to suspend. So it's just, are you saying that this initial grieving was basically pro forma and we shouldn't... I mean, it doesn't seem to me as though it served any purpose in the first instance, and that's one of the reasons you're suggesting that we should not really pay attention to it and have this second attempt at having a resolution be persuasive here. Well, I wouldn't say that every time someone is suspended after they've been arrested and charged, a union files a grievance or an individual files a grievance because we have cases that have been before the board where the first time the suspension was appealed, any aspect of it was after the acquittal. The reason for doing it is you don't really know for sure that you're going to lose when you file a grievance like that. You don't know enough about the facts of the case at that point. You don't know what the government has. I mean, this is just as a practical matter. You want to protect yourself, so you file the grievance over that issue, the imposition of the suspension. You might wait and see what happens in the criminal trial. Maybe something will come out in the criminal trial, unlikely, that suggests that there weren't really reasonable grounds to suspend. Maybe someone at customs knew something. Maybe there's been some foul play here. Maybe you could argue at the end of the process that there was no nexus between the crime charged and the person's job, which is another basis for the suspension being illegal. Maybe you could argue at the end of the process, well, you didn't really have to suspend him without pay. There was another way you could have dealt with it. Unlikely, but it's a whole different set of issues. And so that, I think, I hope I've answered your question. Well, it seems to me, what you're talking about is the issue, that once he was acquitted, you're saying something came out that indicates that the imposition was improper. And so I'm not sure when you go from that legal analysis or analytical framework to, gee, you shouldn't still be suspending me. Well, I think, well, let me, I don't know if I've made this clear. At the point at which someone is acquitted, that doesn't reflect on the validity of the imposition of the suspension, because the validity of the imposition of the suspension depends upon the events that occur pretty much before the suspension was imposed. So when someone's acquitted, that's sort of the end of that issue, at least if they're reinstated in a timely fashion and the agency gets a chance to investigate. So at that point, that matter is closed and we have this new matter, this new set of facts, which is, okay, he's been acquitted, now what are you going to do? Are you going to put him back on the job? And that involves different legal standards, it could involve different decision makers, it involves different facts, and that's why we'll say it's a separate matter. And I think that's the only principled way to look at what the statute means when it says matter. Now, as a matter of either the contract to the CBA or any possible statutory... Well, as a matter of law, one form of law, another public or private, could you have or could you still go to the arbitrator and say, yes, we had that initial arbitration, but now we have a different grievance and that grievance is the continuation of the suspension post-acquittal. The same claim that you made... You mean reopen the arbitration? Well, reopen or file a new grievance. Well, if we filed a new grievance, we wouldn't necessarily get the same arbitrator. Well, okay, but... It would still be a new matter. As soon as we have to file a new grievance, it's a new matter. It's not something that was within the jurisdiction of the original arbitrator on the case. Okay, but in any event, that was an option that was open notwithstanding the suspension of the initial arbitration. Yes, that was an option. The way we like to look at it is our option was to file a new grievance to address this new matter or to elect to go to the board. As the statute says, you can make an election. Okay. Thank you. Thank you very much. The case is submitted. The Honorable Court is adjourned until this afternoon, 2 p.m.